UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                                    No. 01-4442

RICHARD EARL ALLEN,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
Frank W. Bullock, Jr., District Judge.
(CR-00-380)

Submitted: December 20, 2001

Decided: January 10, 2002

Before WILLIAMS, MICHAEL, and MOTZ, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

Danny T. Ferguson, Winston-Salem, North Carolina, for Appellant. Benjamin H. White, Jr., United States Attorney, Robert A.J. Lang, Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Richard Earl Allen, a convicted felon, was charged in Count One of an indictment with possession of a Glock .44 caliber semi-automatic pistol on or about January 23, 1999, in violation of 18 U.S.C.A. § 922(g)(l) (West 2000). Count Two charged Allen with possessing a Charter Arms .38 caliber revolver on or about March 28, 2000, also in violation of § 922(g)(l). Following Allen's conviction by a jury, the district court determined that Allen's criminal history category did not adequately reflect the seriousness of his criminal past or the likelihood of recidivism. The court accordingly departed upward from Allen's guideline range and sentenced him to 120 months on Count One and 115 months on Count Two. The sentences run consecutively. Allen appeals both his convictions and sentence.

I

Allen first contends that the district court erred when it denied his motion to suppress all evidence seized during a traffic stop on January 23, 1999. When reviewing a ruling on a motion to suppress, we review the district court's factual findings for clear error and its legal conclusions de novo. *Ornelas v. United States*, 517 U.S. 690, 699 (1996); *United States v. Rusher*, 966 F.2d 868, 873 (4th Cir. 1992). If the district court denies a defendant's suppression motion, the evidence is viewed in the light most favorable to the United States. *United States v. Seidman*, 156 F.3d 542, 547 (4th Cir. 1998).

Here, Winston-Salem police officer M. G. Bennett testified at the suppression hearing that he was in the vicinity of a bar when he heard several gunshots. Officer Bennett arrived at the bar within ten seconds of hearing the shots, and an unidentified male told him that the occupants of a grey Mustang had fired shots at customers of the bar. Bennett saw a car driving away and asked if that were the car. The man said that it was, and Bennett began following the car (a Mustang), which was the only one moving on the street. Once he realized that his backup, Officer Livingston, was behind him, Bennett stopped the car, which Karen Conrad was driving.

Bennett frisked Conrad, and another officer frisked her passenger, Allen. Bennett then looked inside the car. He saw a spent shell casing on the passenger floorboard. When he reached under the passenger seat, Bennett found a Glock .40 caliber gun. Once Allen realized that Bennett had found the gun, he became nervous and tried to escape. He was subdued and arrested.

Officer Livingston testified that he was also in the area and heard four or five shots. He saw a car leaving the scene and believed he saw the passenger's hand outside the car window.

We conclude that the traffic stop was fully justified under *Terry v. Ohio*, 392 U.S. 1 (1968), based on the officers' reasonable suspicion that criminal activity was afoot and that persons in the car might be armed and dangerous. Both Livingston and Bennett heard shots, and Bennett was told that the shots came from the car that was leaving the area. Further, under *Maryland v. Wilson*, 519 U.S. 408, 411 (1997), and *Michigan v. Long*, 463 U.S. 1032, 1049 (1983), there was no Fourth Amendment violation in requiring Allen to step out of the car to be frisked or in conducting a search of the car's passenger compartment, where a gun might have been secreted. Accordingly, the district court properly denied the motion to suppress.

## II

Allen next claims that the district court erred when it denied his Fed. R. Crim. P. 29 motion for judgment of acquittal on both counts of the indictment. We review de novo the denial of a Rule 29 motion. *United States v. Romer*, 148 F.3d 359, 364 (4th Cir. 1998). When, as here, the motion is based on insufficiency of the evidence, the relevant question is whether the evidence, viewed in the light most favorable to the Government, was sufficient for a rational trier of fact to have found the essential elements of the crimes beyond a reasonable doubt. *Id.*; *United States v. Burgos*, 94 F.3d 849, 862-63 (4th Cir. 1996).

With respect to Count One, the trial testimony of Officers Bennett and Livingston was virtually identical to their testimony at the suppression hearing. Additionally, Rory Duke Skipper testified that the Glock was his and that he had loaned it to Allen in January 1999 to

use for target practice. Skipper testified that Allen had not returned the gun to him. Timothy Lindsey, who was in jail with Allen, testified that Allen told him that the police had stopped Allen and his girlfriend and found a gun belonging to someone else under Allen's seat. It was stipulated that Allen was a convicted felon and that the gun was operational and had traveled in interstate commerce.

The evidence on Count Two was equally sufficient to convict Allen. Officer Pattisol ran a license check on a Cadillac that passed him. The tags came back to a Nissan, not a Cadillac. Pattisol and Officer Wilson followed the Cadillac. Allen, who was driving, bailed out of the car and fled. Officer Wilson found him hiding next to an air conditioning unit. The officers discovered the firearm in question under Allen's right leg. Lindsey testified that Allen told him that he jumped out of the car, fled, and had time to "get the gun off of him," but that the police found the gun near him. The gun was fully operational and had traveled in interstate commerce.

On this evidence, the evidence was sufficient for a rational trier of fact to have found all the elements of the charged crimes beyond a reasonable doubt. The district court properly denied the Rule 29 motion.

### III

Allen complains that Bennett was allowed to testify about what the eyewitness at the bar told him. The statement was allowed not for the truth of what the unidentified man told Bennett, but to show why Bennett reacted as he did after speaking to the man. The district court instructed the jury that this was the only purpose for which it was to consider the testimony about the man's statement. Under these circumstances, admission of the evidence was not an abuse of discretion. *See United States v. Obi*, 239 F.3d 662, 668 (4th Cir. 2001).

### IV

Allen's base offense level was found to be 24 because of two previous felony convictions. *U.S. Sentencing Guidelines Manual* § 2K2.1(a)(2) (2000). He contends that a 1994 North Carolina convic-

tion for assault on a government official did not constitute a "crime of violence" and that he therefore only had one qualifying predicate felony conviction (for a controlled substance offense). When Allen was convicted of assault, the maximum punishment for the offense was two years. Subsequently, the North Carolina legislature reduced the punishment to a maximum of 150 days. Allen would have us look to the law in effect at the time of sentencing for his § 922(g)(l) violations, rather than that applicable at the time of his 1994 state conviction, to determine if the assault was a crime of violence. Our decision in *United States v. Johnson*, 114 F.3d 435, 445 (4th Cir. 1997), controls, and we reject Allen's argument.

## V

Finally, Allen contests the district court's decision to depart upward from the guideline range of 100-125 months, reflecting a criminal history of six and an offense level of 24. Allen had fifty-two criminal history points, four times the minimum number of points required to fall within criminal history category six. The district court found that, because category six did not sufficiently represent Allen's criminal history or the likelihood that he would commit future crimes, an upward departure was warranted. The court then moved incrementally down the sentencing table, determining that it had to move from offense level twenty-five to level thirty-one to find an appropriate sentencing range that took into account Allen's criminal history and the likelihood of recidivism. The guideline range for offense level thirty-one, criminal history category six, is 188-235 months. The court sentenced Allen to 120 months on Count One and 115 months on Count Two. The sentences run consecutively.

Allen contends on appeal that the district court did not adequately consider the nature of his criminal record. In accordance with *United States v. Bellamy*, 264 F.3d 448, 456 (4th Cir. 2001), we reject this argument and find that the upward departure was not an abuse of discretion.

## VI

We accordingly affirm. We dispense with oral argument because the facts and legal contentions are adequately set forth in the material

before the court and argument would not aid the decisional process.

*AFFIRMED*